IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mirta Alvarado, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 09 C 6035 |
| LTD Financial Services, LP, a Texas limited partnership, and its general partner, LTD Financial Services I, Inc., a Texas corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Mirta Alvarado, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendants are licensed here, reside here, and transact business here.

**PARTIES**

3. Plaintiff, Mirta Alvarado ("Alvarado"), is a citizen of the State of New Jersey, from whom Defendant attempted to collect a delinquent consumer debt owed to Citibank, despite the fact that she was represented by the legal aid attorneys at the

Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, LTD Financial Services, LP ("LTD"), is a Texas limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant LTD was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. Defendant LTD is licensed as a collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation attached as Exhibit A.

6. Defendant, LTD Financial Services I, Inc. ("LTDGP"), is a Texas corporation that is the general partner of Defendant LTD. Defendant LTDGP acts as a debt collector, as defined by § 1692a of the FDCPA, because, through Defendant LTD it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LTDGP was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect, through Defendant LTD, from Plaintiff.

7. Defendant LTDGP is licensed to conduct business in Illinois and maintains a registered agent here. See, record from the Illinois Secretary of State attached as Exhibit B.

## FACTUAL ALLEGATIONS

8. Ms. Alvarado is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a Citibank credit card. When Defendants began

trying to collect the Citibank credit card debt from Ms. Alvarado, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

9. On December 17, 2008, one of Ms. Alvarado's attorneys at LASPD wrote to Defendants to advise them that Ms. Alvarado was represented by counsel, and to direct them to cease contacting her and to cease all further collection attempts because Ms. Alvarado was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Nonetheless, on June 22, 2009, Defendants sent a collection letter directly to Ms. Alvarado, demanding payment of the Citibank debt. A copy of this letter is attached as Exhibit D.

11. Accordingly, on July 27, 2009, Ms. Alvarado's LASPD attorney had to send Defendant LTD another letter directing it to cease communications/collections. Copies of this letter and fax confirmation are attached as Exhibit E.

12. All of the collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

3

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Alvarado's agent, LASPD, told Defendants to cease communications/collections (Exhibit C).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

17. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20. Defendants knew that Ms. Alvarado was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendants, in writing, that she was represented by counsel, and had directed Defendants to cease directly communicating with Ms. Alvarado.  By directly sending Ms. Alvarado the collection letter, despite being advised that she represented by counsel, Defendants violated § 1692c (a)(2) of the FDCPA.

4

21. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Mirta Alvarado, prays that this Court:

1. Find that Defendants', LTD's and LTDGP's, debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff, Alvarado, and against Defendants, LTD and LTDGP, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Mirta Alvarado, demands trial by jury.

Mirta Alvarado,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 28, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com